United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40893
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ERIC TILLMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:01-CR-231-1)
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant James Eric Tillman appeals the district court's denial of his motion to suppress evidence that resulted in his conviction for possession with the intent to distribute methamphetamine. Tillman entered a guilty plea to the offense conditioned on his right to appeal the district court's denial of the suppression motion. He argues that the district court failed to apply the correct legal standard regarding misstatements made in the search warrant. Citing <u>Franks v. Delaware</u>, 438 U.S. 154, 155-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

56 (1978), Tillman argues that, although the court determined that the misstatements were not intentional, it erred by failing to determine whether the statements were made with reckless disregard for the truth.

When we consider the denial of a motion to suppress, we review factual findings for clear error and the sufficiency of a warrant *de novo*.  United States v. Cherna, 184 F.3d 403, 406 (5th Cir. 1999).  The first step in reviewing the denial of a motion to suppress is determining whether the good-faith exception to the exclusionary rule applies.  Id. at 407.  If it does, we never reach the question of probable cause.  Id.

The good-faith exception to the exclusionary rule does not apply if a search warrant affidavit contains a false statement that was made intentionally or with reckless disregard for its truth. United States v. Cavazos, 288 F.3d 706, 709-10 (5th Cir.)(citing Franks, 438 U.S. at 155-56), cert. denied, 537 U.S. 910 (2002).  If an allegation of intentional falsity or reckless disregard for the truth is established by the defendant by a preponderance of the evidence, we excise the offending language from the affidavit and then determine whether the remaining portion would have established the necessary probable cause.  Id. at 710.  The defendant bears the burden of showing, by a preponderance of the evidence, that a misstatement was made with more than mere negligence.  United

States v. Runyan, 290 F.3d 223, 234 n.6 (5th Cir.), cert. denied, 537 U.S. 888 (2002).

Here, the explanation for the misstatement that Officer Hinton offered was entirely plausible. Thus, the good-faith exception applies and the warrant did not violate the Fourth Amendment. See Cavazos, 288 F.3d at 710. Moreover, when the misstatements are excised from the affidavit, the remaining portions of the affidavit provides probable cause for the search.

Tillman also challenges the pre-warrant protective sweep of the apartment, arguing that there were no exigent circumstances. The district court found the presence of exigent circumstances justifying the protective sweep. Even if we were to assume arguendo that no exigent circumstances were present, the evidence obtained from the search was admissible under the independent source doctrine. Runyan, 290 F.3d at 235. We therefore do not address the question whether exigent circumstances justified the warrantless entry. See United States v. Register, 931 F.2d 308, 311 (5th Cir. 1991).

AFFIRMED.

3